**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 16-cv-01762-CMA-KMT

RMH TECH LLC, a Colorado limited liability company, and
METAL ROOF INNOVATIONS, LTD.,

      Plaintiffs,

v.

PMC INDUSTRIES, INC., a Connecticut corporation,

      Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

---

This matter is before the Court on Defendant PMC Industries, Inc.'s ("PMC")

Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue (the

"Motion to Dismiss or Transfer").  (Doc. # 86.)  For the reasons described herein, the

Court grants Defendant's Motion to Transfer and transfers this litigation to the United

States District Court for the District of Connecticut.

### I.    BACKGROUND

The Court detailed the factual background of this case in its Order on Claim

Construction (Doc. # 66) and its Order Denying Partial Reconsideration of its Order on

Claim Construction (Doc. # 85).  Those orders are incorporated by reference, and the

facts explained therein need not be repeated.  The Court recounts only the facts

necessary to address Defendant's instant Motion to Dismiss or Transfer.

Plaintiffs RMH Tech LLC ("RMH") and Metal Roof Innovations, Ltd. ("MRI") are the owner and licensee, respectively, of United States Patent No. 6,470,629 (the "'629 Patent"), which describes and claims a mounting assembly for mounting a cross member to a standing metal roof. (Doc. # 1 at 3.) RMH is a limited liability corporation registered in Colorado, with its principal place of business in Colorado Springs, Colorado. (*Id.* at 1.) MRI is a Colorado corporation and also has its principal place of business in Colorado Springs, Colorado. (*Id.*) In the underlying action, Plaintiffs allege that Defendant infringed certain claims of the '629 Patent. (*Id*. at 7–9.)

Defendant "is a corporation formed under the laws of Connecticut, having a principal place of business at . . . Plainville, Connecticut." (*Id.* at 1.) According to Defendant, its headquarters are in Connecticut, "[a]ll of [its] business operations are conducted from within Connecticut," and all "employees and staff are located in Connecticut." (Doc. # 86 at 4.) Defendant "does not have any buildings, facilities, offices, employees, or other physical presence in Colorado," and "does not uniquely target Colorado for the sale of its products." (*Id.* at 4–5.) Defendant also asserts that it has only ever made one sale to a customer in Colorado, which "was generated from an order received in June 2016 from an inquiry to its website." (*Id.*)

Plaintiffs initiated this action on July 11, 2016. (Doc. # 1.) The parties engaged in extensive claim construction briefing from December 16, 2016, through May 24, 2017. (Doc. ## 33, 37, 39, 44, 54, 55.) On October 2, 2017, this Court issued its Order on Claim Construction. (Doc. # 66.) Defendant subsequently moved for partial

reconsideration of the Court's Order on Claim Construction (Doc. # 74), which the Court

denied on January 8, 2018 (Doc. # 85.)

Also on January 8, 2018, Defendant filed the Motion to Dismiss or Transfer now

before the Court.[1]  (Doc. # 86.)  Plaintiffs timely submitted their Response in Opposition

to the motion on January 29, 2018, (Doc. # 88), to which Defendant replied on February

6, 2018 (Doc. # 91).[2]

## II.  **LEGAL STANDARDS**

Defendant brings its Motion to Dismiss or Transfer pursuant to Federal Rule of

Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).  (Doc. # 86 at 1.)

Rule 12(b)(3) permits a defendant to file a motion to dismiss for improper venue.[3]

"Once venue is attacked, the plaintiff bears the burden to show proper venue." *Ervin &*

*Assoc., Inc. v. Cisneros*, 939 F. Supp. 793, 796 (D. Colo. 1996) (citation omitted).  A

district court may "consider facts outside of the pleadings," such as the defendant's

affidavits, when analyzing a Rule 23(b)(3) motion to dismiss.  *Cornice Tech., Inc. v.*

*Affinity Dental Prod., Inc.*, No. 04-cv-01133, 2005 WL 1712124, *7 (D. Colo. July 21,

2005) (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 321, 324 (9th Cir. 1996)); *see*

*Hancock v. American Tel. and Tel. Co., Inc.*, 701 F.3d 1248, 1260 (10th Cir. 2012).  A

plaintiff may rest on well-pled facts in his complaint to such a motion but "only to the

---

[1] Defendant asserts that it gave Plaintiffs and their counsel notice of their intention to file such a motion on December 29, 2017.  (Doc. # 91 at 2.)

[2] Defendant first filed a Reply on February 2, 2018.  (Doc. # 90.)  It then filed an Amended Reply on February 6, 2018.  (Doc. # 91.)  Because Defendant's Amended Reply was timely filed and there is no evidence of Plaintiffs objecting to the amended filing, the Court considers Defendant's Amended Reply.

[3] A defendant's ability to file a Rule 12(b)(3) motion is constrained by the waiver doctrine.  Rule 12(h)(1) states that a party waives any defense under Rule 12(b)(2)–(5) by, relevant here, failing to "include it in a responsive pleading."  Fed. R. Civ. P. 12(h)(1)(B)(ii).

extent that such facts are uncontroverted by [the] defendant's" evidence. *Hancock*, 701

F.3d at 1260 (quoting *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192

(10th Cir. 1998)).

28 U.S.C. § 1406(a) requires that where a court has determined that venue is

improper, the court must dismiss the action **or** transfer it to a jurisdiction with proper

venue:

> The district court of a district in which is filed a case laying venue in the wrong
> division or district shall dismiss, or if be in the interest of justice, transfer such
> case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). Though Section 1406(a) contains the word "shall," the Tenth

Circuit has "interpreted the phrase 'if it is in the interest of justice' to grant the district

court discretion in making a decision to transfer an action or instead to dismiss the

action without prejudice." *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006).

### III.    DISCUSSION

### A.    VENUE IN PATENT CASES

Venue in patent infringement actions is solely and exclusively controlled by 28

U.S.C. § 1400(b). *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229

(1957). Section 1400(b) provides that a patent infringement action may be brought in

the judicial district (1) "where the defendant resides," or (2) "where the defendant has

committed acts of infringement and has a regular and established place of business."

28 U.S.C. § 1400(b).

1.      <u>Where the Defendant Resides</u>

The Supreme Court held in *Fourco* in 1957 that "where the defendant resides" in Section 1400(b) means, with regard to a corporate defendant, "the state of incorporation only." 353 U.S. at 790. The rule that a domestic corporation is subject to venue in a patent infringement action only in its state of incorporation "remained effectively unchanged until 1988, when Congress amended the general venue statute, [Section] 1391(c), to provide that 'for purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). Thereafter, the Federal Circuit held in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1578 (Fed. Cir. 1990), that Section 1391(c)'s wider definition of venue "clearly applie[d] to [Section] 1400(b), and thus redefine[d] the meaning of the term 'resides' in that section."[4] The Federal Circuit announced that "the first test for venue under [Section] 1400(b) with respect to a [corporate defendant] . . . is whether the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced." *Id.* at 1584.

However, on May 22, 2017, the Supreme Court announced in *TC Heartland* that "resid[ence]" in Section 1400(b), as applied to a corporate defendant, "refers only to the State of incorporation," and reversed the Federal Circuit's *VE Holding* rule. 137 S. Ct. at 1520–21. The Supreme Court therefore held that "a domestic corporation 'resides'

---

[4] "Federal Circuit law, rather than regional circuit law, governs" matters unique to patent law. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

only in its State of incorporation for purposes of the patent venue statute." *Id.* at 1517.

Venue does not lie where a corporate defendant merely does business.

       2.    <u>Where the Defendant Has a Regular and Established Place of Business</u>

       In addition to where the defendant resides, a patent infringement action can also be brought "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Three elements bear on whether a corporate defendant has "a regular and established place of business": (1) the corporation must have "a physical place in the district"; (2) the place "must be a regular and established place of business"—that is, the defendant's place "must for a meaningful time period be stable, established"; and (3) the place must be "the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1362–63 (Fed. Cir. 2017). If any of these three elements is not satisfied, venue is improper under Section 1400(b). *Id.* at 1360.

**B.**    **APPLICATION**

       1.    <u>Defendant Does Not Have a Regular and Established Place of Business in This District</u>

       Beginning with the second prong of Section 1400(b), the Court concludes that Defendant does not have a regular and established place of business in the District of Colorado. As to the first element of this prong, Defendant does not have "a physical place in the [D]istrict." *See id.* at 1362. Defendant lacks "a physical, geographical location in the district from which the business of the defendant is carried out." *See id.* It is undisputed that Defendant does not have any building, facilities, offices, or employees' residences in Colorado from which it carries out business. *See* (Doc. # 86

at 4.)  Because Defendant does not have a physical presence in this District, it follows

that the second and third elements for a "regular and established place of business" are

also not satisfied.  Thus, venue is improper under the second prong of Section 1400(b).

2.      Defendant Does Not Reside in This District

The Court also concludes that venue is improper under the first prong of Section

1400(b) because Defendant does not reside in this District.  *TC Heartland* is clear:  "As

applied to domestic corporations, 'reside[nce] in [Section] 1400(b) refers only to the

State of incorporation."  137 S. Ct. at 1521.  Here, Plaintiffs acknowledge that

Defendant is incorporated in Connecticut.  (Doc. # 1 at 1.)  Defendant therefore

"resides" only in that state for purposes of a patent infringement action.

3.      Defendant Did Not Waive Venue

Plaintiffs apparently do not dispute that venue is improper in this District.  *See*

*generally* (Doc. # 88.)  Rather, Plaintiffs invoke the waiver doctrine, arguing that

Defendant "surrendered its privilege to have this case dismissed or transferred" by filing

its Motion to Dismiss or Transfer almost eighteen months after the action was filed and

more than seven months after the Supreme Court decided *TC Heartland*.  (*Id*. at 5.)

Plaintiffs also rely on the Federal Circuit's opinion in *In re Micro Technology, Inc.*,

875 F.3d 1091, 1101 (Fed. Cir. 2017), for the proposition that district courts have

authority to find that a party has forfeited or waived its right to assert the absence of

venue for reasons other than those identified in Rules 12(g) and (h).  *See* (Doc. # 88 at

6.)  In *In re Micro Technology*, the Federal Circuit "note[d] a scenario that presents at

least an obvious starting point for a claim of forfeiture, whether based on timeliness or

7

consent or distinct grounds: a defendant's tactical wait-and-see bypassing of an opportunity to declare a desire for a different forum, where the course of proceedings might well have been altered by such declaration." 875 F.3d at 1102. Plaintiffs accuse Defendant of engaging in such "wait-and-see" maneuvers, describing that "it was not until a few hours after [Defendant's] Motion to Reconsider construction of a critical claim term was denied that [Defendant] quite tactically sought to dismiss/transfer this case on venue grounds." (Doc. # 88 at 7, 10.)

The Court disagrees. The Supreme Court decided *TC Heartland* on May 22, 2017. 137 S. Ct. at 1514. In the months that followed, a number of lower courts concluded TC Heartland was **not** an intervening change in the law and therefore did not provide an exception to any waiver of a challenge to venue. *See, e.g.*, *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, 254 F. Supp. 3d 836, 839 (E.D. Va. 2017) ("*TC Heartland* does not qualify for the intervening law exception to waiver because it merely affirms the viability of *Fourco*."); *Columbia Sportswear N. America, Inc., v. Seirus Innovative Accessories*, *Inc.*, 265 F. Supp. 3d 1196, 1204 (D. Or. 2017) ("The majority of cases have found that *TC Heartland* does not constitute intervening law excusing waiver") (collecting cases). The Court agrees with Defendant that "[g]iven the great weight of authority following *Cobalt*, . . . it was advisable not to file a motion to challenge venue under *TC Heartland*," if a challenge to venue had not been previously raised. (Doc. # 91 at 4.)

However, on November 15, 2017, the Federal Circuit decided *In re Micro Technology* and concluded as a matter of law that the waiver rule is inapplicable to

post-*TC Heartland* venue challenges because "[t]he Supreme Court changed the controlling law when it decided *TC Heartland* in May 2017." 875 F.3d at 1099. The Federal Circuit's pronouncement clarified the law, functionally giving Defendant "the green light to challenge venue in light of the previous decisions on waiver," in its words. (Doc. # 91 at 5.) The decision made it clear that the Federal Rule of Civil Procedure 12 Rule 12 waiver doctrine does not apply because, prior to the Supreme Court's decision in *TC Heartland,* a venue objection was not available to Defendant thus there was nothing to waive. Accordingly, Plaintiffs' argument that Defendant waived its venue defense fails.

Second, the Court also rejects Plaintiffs' assertion that Defendant forfeited its ability to challenge venue by filing its Motion to Dismiss or Transfer on the same day the Court rejected Defendant's request for reconsideration of its claim constructions in "a blatant attempt to stave off a judgment in infringement." *See* (Doc. # 88 at 10.) Defendant cogently explains that it had "placed Plaintiffs on notice of Defendant's intent to move venue on December 29, 2017." (Doc. # 91 at 91 n.2.) Plaintiffs do not contest this, and the Court therefore does not credit Plaintiffs' insinuation that Defendant only filed the Motion to Dismiss or Transfer because the Court refused to reconsider Defendant's proposed claim constructions.

Moreover, Plaintiffs' reliance on *In re Micron Technology* is problematic. The Federal Circuit expressly declined therein to address how a plaintiff's claim of forfeiture on the basis of a defendant's tactical, wait-and-see approach "ultimately should be analyzed." 875 F.3d at 1102. The Federal Circuit wrote, "In noting issues that might be

presented, we are not suggesting that the leeway to find such forfeiture is broad. We do

not here seek to define the channels in which discretion must be exercised. . . . Any

legal conclusions about the boundaries of discretion must await particular district court

explanations." *Id.* Given that there is reason to believe that it was pure coincidence

that Defendant filed its Motion to Dismiss or Transfer on the same day that the Court

rejected its request for reconsideration of its claim construction, it is unnecessary for the

Court to draw any such legal conclusions today.

For these reasons, neither the waiver doctrine nor forfeiture by conduct

precludes Defendant's Motion to Dismiss or Transfer.

    4.    <u>Transfer is the Appropriate Remedy</u>

Finally, Plaintiffs assert that they would suffer "severe" prejudice from dismissal

or transfer. (Doc. # 88 at 10–11.) According to Plaintiffs, "[i]t is undeniable that

dismissal or transfer . . . will only result in delaying the resolution of this dispute." (*Id.* at

11.) They argue that a dismissal will require "a complete 'do over,' . . . slowing to a

literal crawl" the case's resolution, and that a transfer will "require a new judge to spend

resources that this Court has already spent to get up to speed." (*Id.* at 10.)

The Court is required by Section 1406(a) to either dismiss the case or to transfer

venue. The Court concludes that transfer to the District Court for the District of

Connecticut is the appropriate remedy and will not unduly prejudice Plaintiffs.

"[T]ransfer in and of itself is generally considered to be more in the 'interest of justice'

than dismissal, and . . . doubts should be resolved in favor or preserving the action,

particularly where it appears that venue may be properly laid in the proposed transferee

district." *Nation v. U.S. Gov't*, 512 F. Supp. 121, 126–27 (S.D. Ohio 1981). The District of Connecticut is the proper venue for this case because Defendant is incorporated in Connecticut.

As to any prejudicial delays to Plaintiffs, the receiving court in the District of Connecticut will have the benefit of the entire record, and trial has not yet been set. It is not unusual for courts to transfer a case for improper venue after dispositive motions and claim construction have been completed. In *Columbia Sportswear*, for example, the district court transferred a patent infringement action for improper venue even though "the parties [had] already filed dispositive motions, engaged in claim constructions, and ha[d] otherwise fully litigated this case up to the eve of trial." 265 F. Supp. 3d at 1208. *See also Automated Packing Systems, Inc. v. Free-Flow Packaging*, No. 5:14-cv-2022, 2018 WL 400326, *10 (N.D. Ohio, Jan. 12, 2018) (transferring the patent infringement action, though the parties had already litigated for three years); *Javelin Pharm., Inc. v. Mylan Lab Ltd.*, No. 16-224, 2-17 WL 5953296 (D. Del. Dec. 1, 2017) (holding that a challenge to venue was neither waived nor forfeited, despite fourteen months of litigation, the completion of claim construction, and trial scheduled for four months after the ruling). Finally, the Court reminds Plaintiffs that "[v]enue requirements exist for the benefit of defendants," not plaintiffs, *Hoover Grp., Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1410 (Fed. Cir. 1996), and that under Section 1406(a), "prejudice to the plaintiff is not a relevant consideration," *Columbia Sportswear*, 265 F. Supp. 3d at 1208.

## IV. CONCLUSION

Accordingly, Defendant's Motion to Transfer (Doc. # 86) is GRANTED.  It is

FURTHER ORDERED that this matter is transferred to the United States District

Court for the District of Connecticut.

DATED:  March 30, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge